UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LANE TYLER ADCOCK** | **CIVIL ACTION NO. 22-1263-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **26th JUDICIAL DISTRICT COURT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Lane Tyler Adcock ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 10, 2022. He is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. Plaintiff names 26th Judicial District Court, Sheriff Julian Whittington, the Bossier Parish Police Jury, and Bossier Parish Coroner John Chandler as defendants.

Plaintiff filed an affidavit notice regarding trespass and treason. He claims the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier committed treason. He names Judge Self, Judge Robinson, Judge Smith, Judge Nerren, Judge Stinson, Judge Pittard, District Attorney Schyler Marvin, Assistant District Attorney Jessica Davis, Assistant District Attorney Randy Smith, Public Defender Angela Waltman, Public

Defender Sarah Giddens, Public Defender Rubi Lewis, Public Defender Kerry Hill, Public Defender Katherine Blufield, Deputy Captain Linton Jacobs, Deputy Lt. Anthony Evans, Deputy Sgt. Jason Gates, Deputy Valerie Everett, Deputy Daniel Taylor, and Deputy Lynnette Avery as individuals working in or for the government bodies committing treason.

Plaintiff claims the State of Louisiana and all acting elected officials, agents, officers, and workers of the judicial district are enforcing the binding of newborn babies to contracts such as birth certificates and certificates of live birth that serialize and tag them with a social security number with a forced footprint stamp in black ink on the contract that declares the living, breathing, natural people dead or lost at sea. He claims the footprint authorization stamp is also linked to the all capital letters name on the contracts. He claims this gives all rights to the United States Corporation and destroys and/or kills all freedoms, birthrights, and liberties of the natural born sovereignty. He claims the parents of the victim of this trespass are threatened with legal ramifications and child protective repossession of the newborn for noncompliance by the state officials. He claims this procedure gives local officials contract jurisdiction over the newborn. He claims the newborn only has one year to combat and disable the contract which binds him to a life of fear, slavery, oppression, harassment, and secret courts where war is waged on them by means of admiralty military jurisdiction. He claims the average newborn cannot argue the lack of consent given for the slave contract levied on him by the local government.

Plaintiff claims the newborn natural people are deemed a corporation with a trust account at the United States Treasury with 100,000,000 United States Federal Reserve Notes in said account made in good faith to restore to balance all debt that the beneficiary incurs. He claims the United States Corporation keeps the self-named trust account instead of the individual who is unable to fight the forced contract. He claims the individual is not deemed expendable for the sake of trust fund manipulation and mercy of corporation laws under admiralty jurisdiction.

Plaintiff claims admiralty military jurisdiction is Article I law and cannot legally be imposed or operated outside its geographical venue. He claims the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier is outside the reach of the geographical venue. He claims the alien laws of another geographical venue are being levied against people who are being victimized by the fraudulent courts. He claims the flag of war is in plain sight in the courtrooms of the Twenty-Sixth Judicial District Court. He claims the judges deny the existence of the flag.

Plaintiff claims they are disobeying the sealed executive orders from the United States Attorney General to convert from Article I Admiralty Military Jurisdiction to Article III Common Law Court. He claims tricks and twisting of words are used to levy war on the people to claim tacit agreement of verbal consent to proceed in admiralty court. He claims these heinous acts give the courts the right to proceed and punish the people as a fictitious entity under admiralty military jurisdiction with the gold fringed American flag

of maritime law. Plaintiff claims the judges remove the flags every night in order to prevent exposure of their fraud.

Plaintiff claims the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier is in direct violation of the RICO Act of 1970 by making people believe they are fictitious corporate entities so they can steal money from their trust funds or trust accounts. He claims property ownership, homes, liberties, and God given rights are forcibly taken or destroyed for victimless crimes by statutes and codes of criminal procedure. He claims that according to Black's Law Dictionary, statutes and codes are reference guides, not laws. He claims the State of Louisiana is charging people for victimless crimes and judging its own case. He claims corporations do not have rights as natural living people and vice versa. He claims people are being prosecuted for crimes such as felony possession of a firearm when the Constitution gives people the right to legally bear arms.

Plaintiff claims they manipulate the account by charging for inmate housing, food, statute or code violations, court fees, and all other billable illusions and heinous excuses for forced slavery. He claims that in his case, Judge Smith made it clear that his accuser did not have to attend court. Plaintiff argues that if he has the right to face his accuser and his accuser is absent, the charges against him should be dismissed. He claims Judge Smith stated, "This is not that kind of court." Plaintiff claims this makes him a prisoner of war to an alien judicial system operating illegally out of his geographic venue. He claims they have levied war against him, and this is treason. He claims war crimes like those punished at the Nuremburg trials are being committed daily. He claims these crimes consist of

nepotism controlling hierarchy to systematic anatomic destruction by forcing people to drink fluoride rich water while the parish is under a boil advisory during a pandemic with no alternative except death from dehydration. He claims no sterilization methods are available to him. He claims fluoride is a brain toxin that causes osteoporosis, fluorosis, and all other forms of cancers. He claims nepotism exists between Captain Jacobs, Lt. Evans, and Warden Evans. He claims the war and grotesque acts can be levied but no cries for help can be heard or answered without serious repercussions.

Plaintiff claims the court and acting officials will proceed without "Corpus Delecti" and crimes with no victim, damaged property, or fraud. He claims they often fail to establish the elements or body of the crime.

Plaintiff quotes the Sixth, Eighth, and Tenth Maxims of Equity. He then quotes the First, Third, Sixth, Seventh, Eighth, Eleventh, and Twelfth Maxims of Law. Plaintiff also quotes from the Federalist Nos. 33 and 78, the United States Constitution, and Title 18 about treason. He also quotes from the Bible.

Plaintiff states that the purpose of his affidavit notice regarding trespass and treason is to expose and exploit the trespass and treason of the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier and all of its active elected officials, deputies, clerks, officers, representatives, public servants, public defenders, agents, district attorney, assistant district attorneys, judges, bailiffs, and any other individuals not specifically mentioned that are directly under or affiliated with it.

Accordingly, Plaintiff seeks an investigation of his claims, supervision of the Defendants so they can be re-established correctly and operate lawfully, legal counsel, and restitution.

For the reasons stated below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

A complaint may be dismissed as factually frivolous "only if the facts are 'clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.'" Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995), citing Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). A complaint may be dismissed as legally frivolous if the legal basis of the complaint is "indisputably meritless." Neitzke v. Williams, 109 S.Ct. 1827 (1989).

Under either a factual or legal analysis, it is quite clear that Plaintiff's allegations in the complaint are frivolous. Each claim is fanciful, fantastic, and delusional and, therefore, factually and legally frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of August, 2022.

Mark L. Hornsby
U.S. Magistrate Judge